1833.

THE    EAGLE
FIRE INS. CO.
v.
CAMMET.

THE EAGLE FIRE INSURANCE COMPANY *v.* CAMMET and
others.

As a general rule, it is sufficient to bring before the Court the first person in being who has
a vested estate of inheritance together with those claiming the prior interests and omit-
ting those who may claim in remainder or reversion after such vested estate of in-
heritance.  A decree against the party having that estate of inheritance will bind
those in remainder or reversion or who, in any way, come afterwards; and they
have a right of appeal from a decree made against the person having the prior estate.
But there must be a clear tenancy in tail to dispense with the necessity of a remainder
man being a party to a bill of foreclosure.  If there be an express estate for life and it
is doubtful whether the same person is also tenant in tail, the remainder man who has
the first estate of inheritance ought to be a party.

M. C. mortgaged real estate ; and died, after making his will.  He thereby gave all his
real and personal estate to his widow until second marriage or death ; then to his daugh-
ter Mary as long as she lived; and if she had no heirs at her death, then to go to the
children of J. C.  HELD, that the daughter Mary had only a life estate; and that on a
a bill foreclosure, the children of J. C. ought to have been made parties.

An application was made to compel John Bonsall to make *October* 28
good his purchase of premises which had been sold under a      1833.
decree of this court in a foreclosure suit.   The premises *Practice.*
had been conveyed by the complainants to Moses Cammet *Foreclosure.*
and Amaziah Turner and a mortgage was given back for a *Party.*
part of the purchase money.   Some months afterwards, *Will.*
Turner conveyed his undivided half-part to Moses Cammet.
The latter made his will ; and, died.  By this will he gave
as follows : " After all my just debts be paid and discharg-
" ed, I give and bequeath unto my beloved wife, Cynthia
" Cammet, all my estate, both real and personal, of every
" kind and description, as long as she remains my widow ;
" and at her death or marriage, to my daughter as long as
" she lives ; and if she has no heirs at her death, it is to go
" to my brother John Cammet's children which lives in the
" town of Candy in the state of New Hampshire."
   The complainants, in filing their bill of foreclosure, had
only made Cynthia Cammet, the widow, Mary Cammet, her
infant child, and Elisha Burrows, a judgment creditor, parties

1833.    defendants.  The purchaser declined taking the premises:
THE   EAGLE because the  children of John Cammet, who lived at Candy,
FIRE INS. CO. were not made parties.

v.

CAMMET.
          Mr. *John Boyd* for the complainants.

          Mr. ———— for the purchaser.

          THE VICE-CHANCELLOR :—As a general rule it is suffi-
cient to bring before the court the first  person in being who
has a vested estate of inheritance together with those claim-
ing the  prior interests  (for instance,  a tenant for life) and
omitting those  who may claim in remainder or reversion
after such vested  estate of inheritance : Mitf. 173.   A de-
cree against the party having that estate of inheritance will
bind those in remainder or who in any way come afterwards ;
and (in proof of this) they have a right of appeal from a de-
cree made against the person having the  prior estate :  *Gif-
fard* v. *Hort*, 1 Sch. & L. 386, 411.   But there must be a
clear tenancy in tail to dispense  with the necessity of a re-
mainder man being a party to a bill of foreclosure.   If there
be an express estate for life and it is doubtful whether the
same person is also tenant in tail, the  remainder man who
has the first estate of inheritance ought to be a party : 3.
Powell on Mort. 975, 976.

          Here, the widow and daughter of the mortgagor are the
only parties ; and  they are  both tenants for life only under
the will.   This is not sufficient.   In *Gore* v. *Stackpole*, 1.
Dow's P. R. 18., a foreclosure, in a similar case, was open-
ed by a remainder man fifty years afterwards.   It was done
upon the opinions of Lords Redesdale and Eldon.   In *Rey-
noldson* v. *Perkins*, Ambl. 564. the son to whom an estate
of inheritance in the first instance was devised, was a
party to the bill of foreclosure : and the sisters who claim-
ed in remainder upon his death without issue  were held to
be barred.

          It has occurred to me : whether the daughter Mary is
not entitled to more than an estate for life under the will, in
other words, whether an estate tail by implication is not
given ? And if this should be the case, John Cammet's chil-

dren would not be necessary parties. But, on looking at *Lethieullier* v. *Tracy*, 3. Atk. 784., I am satisfied it is otherwise. The issue of Mary living at her death, if there should be any, will take as purchasers—and she has only a life estate.

The motion must be denied; and the purchaser be discharged from his contract, with costs.