JAMES CARSON BREVOORT, Respondent, *v.* ELIZABETH DOROTHEA BREVOORT, et al., RICHARD H. BUEL, Purchaser, Appellant.

One having a present interest *per autre vie,* in an undivided portion of lands, and a contingent remainder in fee in an undivided part, is entitled to partition; and, if actual partition cannot be had, to a sale of the premises. (2 R. S., 317, § 1.)

Under the statutes of this State, when all of the parties in being having any estate or interest, present or future, vested or contingent, in the lands, are made parties to an action for partition, a purchaser at a sale under a judgment therein, acquires a perfect title. The judgment is conclusive as to the rights of all, and the sale is effectual to bar the future contingent interests of persons not *in esse* at the time, although no notice is published to bring in unknown parties, and although such future owners may take as purchasers, under a deed or will, and not as claimants under any of the parties to the action.

(Argued May 29, 1877; decided June 12, 1877.)

APPEAL by Richard H. Buel, purchaser, from an order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term, directing said purchaser to complete his purchase made at a sale under judgment herein.

This was an action of partition. The premises in question being a farm, situated in the city of Brooklyn, and formerly owned by William Lefferts, deceased. He died March 22d, 1847, leaving a will, which was duly admitted to probate. By it the testator devised a life interest in the undivided half of the farm to his widow, provided she remained unmarried, and subject to this provision, he devised to his only child, defendant, Elizabeth Dorothea Brevoort, the wife of the plaintiff, the use and possession of the farm for her life, with remainder after her decease unto her issue in fee simple.

The will proceeded: "And in case she (Mrs. Brevoort) shall have no issue nor children of such issue her surviving, then I give and devise the said farm to such of the children of my brother John, deceased, as may be living at the time of my death, share and share alike, and unto their heirs and assigns forever."

Mrs. Lefferts died February 21, 1875. Mrs. Brevoort, who thereupon succeeded to the entire life estate, has only one child, Henry L. Brevoort, one of the defendants. Henry L. Brevoort is married, his wife being the defendant, Elizabeth S. Brevoort. He has no issue. The referee reported that, on February 21, 1876, the date of this report, Mrs. Brevoort was over fifty-one years of age, and that it was impossible that she should have other children.

At the time of the testator's death, six children of his brother John were living. On July 10, 1875, Catharine V. Neefus, who was a granddaughter of one of them (James Lefferts), who had died intestate, conveyed to Mrs. Brevoort an equal undivided fifth part of her estate in the farm. By deed dated July 14, 1875, Mrs. Brevoort and her son conveyed to one Hamilton A. Weed, an equal undivided fifteenth part of their estate in the farm. By deed bearing the same date, Weed with his wife, conveyed the same interest to the plaintiff.

All persons *in esse* having any estate, present or future, vested or contingent, were made parties defendant, and were duly served.

The judgment directed a sale of the premises, and provides for the preservation of the fund, the proceeds of the sale, until the final vesting of the estate, and for a distribution of it among those entitled as remainder men. Upon the sale under the judgment, the appellant became the purchaser, but declined to take title.

*Samuel Hand*, for the appellant. By the proceedings in this action the court below gained jurisdiction to deal only with the various subdivisions of the life estate of Mrs. Brevoort. (*Jackson* v. *Littell*, 56 N. Y., 111; *House* v. *Jackson*, 50 id., 165; 2 R. S., 722, § 6.) The court had no power to direct a sale. (*Jackson* v. *Edwards*, 22 Wend., 498; *Gallatin* v. *Cunningham*, 8 Cow., 361; *Zimmerman* v. *Rapp*, 20 Wend., 100; *In re Turner*, 10 Barb., 555; *Mills* v. *Slade*, 6 Ves., 498; Story's Eq. Jur., § 652; *Reynolds* v. *Perkins*, Amb., 564; *Lloyd* v. *Jones*, 9 Ves., 57–61; *Groves* v. *Barbert*, 29 L. T. [N. S.], 129; *Downin* v. *Sprecher*, 35 Md., 478; 2 R. S., 323, § 35; id., 327, § 61; id., 330, § 84.)

*John E. Parsons*, for the respondent. Plaintiff was entitled to a judgment of partition and sale. (2 R. S., 317, § 1; *Gaskell* v. *Gaskell*, 6 Sim., 643; *Ackley* v. *Dygert*, 33 Barb., 176; *Smith* v. *Smith*, 10 Paige, 473; *Miller* v. *Warrington*, 1 J. & W., 473; *Barring* v. *Nash*, 1 V. & B., 555; *Manaton* v. *Squire*, 2 Freem., 26; *Trigg* v. *Trigg*, 1 Deck., 325; *Agar* v. *Fairfax*, 17 Ves., 552; *Parker* v. *Gerard*, Amb., 236; *Warner* v. *Baynes*, id., 589; *Cartwright* v. *Pultney*, 2 Ath., 380.) The other parties in interest could alone raise the question as to plaintiff's right to maintain this action. (*Blakeley* v. *Balder*, 15 N. Y., 617; *Brewster* v. *Stryker*, 2 id., 19; *Howell* v. *Mills*, 56 id., 226; 47 id., 21.) All the parties in interest *in esse* having been joined in this action, all possible future estates of parties not *in esse* are cut off by the judgment. (*Mead* v. *Mitchell*, 17 N. Y., 210; *Cheeseman* v. *Thorne*, 1 Edw., 629; *Clemens* v. *Clemens*, 37 N. Y., 59; *Gaskell* v. *Gaskell*, 6 Sim., 643; *Wells* v. *Slade*, 6 Ves., 498;

*Nodine* v. *Greenfield*, 7 Paige, 544; *Brevoort* v. *Grace*, 53 N. Y., 245; *Clark* v. *Cordie*, 4 Al., 475; *Moore* v. *Littel*, 41 N. Y., 66; *Jackson* v. *Littel*, 56 id., 108; *Leggett* v. *Hunter*, 19 id., 445; *House* v. *Jackson*, 50 id., 161; *Jackson* v. *Sheridan*, id., 660.)

ALLEN, J.  The plaintiff has a present estate *per autre vie* in an undivided portion of the premises, the subject of the partition and sale, and contingent remainders in fee in two several undivided parts of the same premises.  Every other person in being, having a present or future estate in the premises, whether vested or contingent, is a party defendant in the action, and concluded by the judgment, and the sale under it.  Henry L. Brevoort, the son of Mrs. Brevoort, the devisee for life under the will of Leffert Lefferts, who is presumptively entitled to the next eventual estate in the lands upon the death of his mother, is a party to the action, and with him are included as defendants, all now living who could in any contingency, upon his death without issue during the life of his mother, succeed to the fee.  Others are also parties who have acquired interests in small undivided parts of the estate, and there is no complaint of a defect of parties, or that any who are living and proper parties are not made parties.  The objection to the title is that others may come into existence who will be entitled before the estate shall vest in those eventually entitled, and that the judgment in partition will not conclude them.  The judgment provides for the preservation of the fund the proceeds of the sale, until the estate shall finally vest, and for a distribution of it then among those who shall be entitled as remainder men.  The plaintiff as tenant in common with others, of the lands, and in possession in virtue of his life estate for the life of his wife, was entitled, as of right, to a partition, and if actual partition could not be made to a sale of the premises.  (2 R. S., 317, § 1; *Smith* v. *Smith*, 10 Paige, 473; *Gaskell* v. *Gaskell*, 6 Sim., 643; *Agar* v. *Fairfax*, 17 Ves., 533.)  The Supreme Court had general jurisdiction of the subject matter of the

action, and acquired by its process, jurisdiction of the parties in interest, and they were concluded by the judgment, and the purchaser at the sale under the judgment acquired a perfect title, unless by reason of the fact that the interests might change, by the coming into existence of others who would be entitled before the falling in of the life estate, deprived the court of jurisdiction, and rendered a partition impossible. That the judgment was conclusive as to the rights of all is well established by authority. (*Brewster* v. *Striker*, 2 Comst., 19; *Blakeley* v. *Calder*, 15 N. Y., 617; *Howell* v. *Mills*, 56 id., 226.)

It would be a serious matter, if in any case a partition could not be made between tenants in common of lands by sale when actual partition could not be made, for the reason that upon the happening of some contingency during the time within which lands may be inalienable, or estates in remainder may be limited, persons may come into existence who will be entitled to take.

The statutes of the State regulating the partition of estates held in common, and providing for a sale when actual partition cannot be made, have received a construction, and effect has been given to them by the courts, from which we are not at liberty to depart. The decisions have become a rule of property, and if we should doubt whether the true interpretation had been put upon the acts of the legislature, which we do not intimate, we should, under the circumstances, be bound by that given as early as 1832, by Vice Ch. McCoun, in *Cheesman* v. *Thorne* (1 Ed. Chy., 629), and followed without question from that time.

The precise question was before this court in *Mead* v. *Mitchell* (17 N. Y., 210), and elaborately considered in an opinion by Pratt, J., concurred in *per totam curiam*, and it was held that an actual partition or sale under a judgment in partition was effectual to bar the future contingent interests of persons not *in esse*, though no notice is published to bring in unknown parties, and though such future owners may take as purchasers under a deed or will, and not as

claimants under any parties to the action. The purchaser in that case made the same objection to the title as is here insisted upon, but the court held it good, and compelled him to take. The same principle is recognized and the sale affirmed in *Clemens* v. *Clemens* (37 N. Y., 59); see also, *Nodine* v. *Greenfield* (7 Paige, 544), which was a bill for foreclosure of a mortgage, in which the Chancellor held that it was not necessary to make every person having a future and contingent interest in the premises a party, although *in esse*.

It is claimed that the entire estate is vested, either in possession or remainder, in the parties to the action, and that no interest can arise or accrue hereafter to any portion of the estate, except by and through some one of the parties to the action, and that they will, as privies in estate, be bound by the judgment and sale. This may be so, but we do not pass upon that question.

Under our statutes, as authoritatively construed, and without discussing the power of the court at common law, the title under the partition sale must be adjudged valid, and the order compelling the purchaser to complete his purchase affirmed.

All concur.

Order affirmed.