JULIA HARRIS, PLAINTIFF, RESPONDENT, *v.* ELIHU LAR-KINS AND OTHERS, DEFENDANTS.

PAUL HOFFMAN, PURCHASER, APPELLANT.

*Action for a partition—cannot be maintained by a cestui que trust.*

A *cestui que trust* cannot maintain an action for the partition of real estate, and a purchaser at a sale, had under a judgment therein, cannot be made to complete his purchase, even though the trustees were made parties defendant, and allowed the judgment to be taken by default.

APPEAL by Mr. Paul Hoffman, from an order made at Special Term, requiring him to complete his purchase on a sale in partition.

The action was brought by the plaintiff, the widow of one Nathaniel Harris, to procure the partition of certain real estate of which he died seized. His will contained, among others, the following provisions:

"I give and devise to David Field and James Williams, both of the city and county of New York, and Elihu Larkins, of the city of New Haven, and to the survivor or survivors of them as trustees, all my estate, real and personal, to hold the same upon the following express trusts:

"That said trustees shall, from time to time, give and pay over to my beloved wife Julia Harris, from time to time, as my wife shall require it, the use and improvements, the rents and profits, and all the annual income of my said estate during the full term of my said wife's natural life.

"*Second.* I do direct my said trustees, after the death of my said wife, to give and pay over to my beloved daughter Anna A. Harris, of said city of New York, the use and improvements, the rents and profits, and the annual income of all my said estate during the full term of the said Anna's natural life.

"*Third.* I do direct said trustees, after the death of my said daughter, if my said daughter shall at her decease have children of her body begotten, to pay over the rents and profits, and give the use and improvements and annual income of all my

said estate to the said children of the said Anna, share and share alike, in fee and forever."

The will then provided that the said devises were made upon the condition that one Sarah Lowe, of New Haven, should, while she remained unmarried, be provided with a home with his wife during her life, &c.

The daughter, Anna A. Harris, Mrs. Perkins and her children, and the trustees were made parties defendant.

*Chas. W. Sloane,* for Paul Hoffman, purchaser, appellant.

*John P. Hull,* for the plaintiff, respondent.

BARRETT, J. :

This action was evidently instituted and carried through under a misconception of the plaintiff's true legal *status.* It professes to be an ordinary action for the partition of real property, or in case actual partition cannot be made without great prejudice to the owners, for a sale and division of the proceeds. Such an action can only be maintained by some one having an estate or interest in the lands. The parties must hold and be in possession of " lands, tenements and hereditaments, as joint tenants or as tenants in common, in which one or more of them shall have estates of inheritance, or for life or lives, or for years." Here the plaintiff has no estate whatever. Her husband's will, under which she claims and which is part of the record, creates in her favor nothing but a trust. The realty is not devised to her and her daughter for their respective lives, with remainder over to the latter's children. The devise is explicitly to the trustees, and the entire estate is vested in them subject to the execution of the trust. It is quite clear, therefore, that there could be no partition at the suit of a mere *cestui que trust,* nor could the express trust created by the will be nullified by a sale under a judicial decree in such an action. The plaintiff's right as *cestui que trust* to the application by the trustees of the rents, issues and profits to her use for life, is inalienable. So is the like right vested in her daughter. Of this there can be no question.

The estate which is vested in the trustees will remain inviolate,

notwithstanding the decree herein, and the *cestui que trust* will still be entitled to enforce the performance of the trusts. The trustees have not appeared nor defended; nor was the action in form to extinguish the trusts. They would not, in ejectment by the purchaser, be estopped. The purchaser, in fact, could not rely upon an estoppel, as the record upon its face shows the invalidity of the proceedings. Nay, more, the infant children will not be cut off by the sale. Their legal estates will vest immediately upon the decease of their mother or grandmother, whichever may survive the other. The cases cited in support of this action (*Brevoort* v. *Brevoort*, 70 N. Y., 136 ; *Howell* v. *Mills*, 56 Id., 226 ; *Clemens* v. *Clemens*, 37 Id., 59 ; *Mead* v. *Mitchell*, 17 Id., 210; *Blakeley* v. *Calder*, 15 Id., 617) are entirely inapplicable. In all of them the plaintiff had some present or future estate either in his own right, or *per autre vie*. In none of them was there an attempt by a person who had no estate of any kind, legal or equitable, to maintain partition or to effect a sale under the guise of such an action.

We must add that the trustees are highly reprehensible for remaining passive and evidently conniving with the plaintiff in her effort to defeat the provisions of her husband's will, to subvert the trusts thereby created, and to effect a result which the laws of the State expressly forbid.

The order appealed from should be reversed, with costs, and the purchaser's motion to be relieved granted, with costs.

Davis, P. J., concurred.

Present—Davis, P. J., and Barrett, J.

Order reversed and motion granted, with costs.