(46 Misc. Rep. 197.)

### GRAGG v. GRAGG et al.

(Supreme Court, Special Term, Onondaga County. January, 1905.)

1. WILL—CONSTRUCTION OF BEQUEST.

Where testator bequeathed the residue of his estate to his wife, a subsequent provision that, on her death without children, one-half should go to his legal heirs, is of no effect if it means if the wife dies during the lifetime of the testator, and will be construed to mean if she dies after him, where the will directs her to pay a $1,000 legacy to his adopted daughter out of his estate within 10 years of his decease, or as much sooner as she may be able.

**2. SAME—CHARGE ON REAL ESTATE.**

A provision in the will of a husband that his wife, to whom he had devised the residue of his estate absolutely, should pay a $1,000 legacy to his adopted daughter out of his estate, was a charge on the real estate.

**3. SAME—INTEREST.**

Where a devise of real estate was chargeable with a legacy to be paid by the devisee within 10 years, it was the duty of the devisee to pay interest on the legacy.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1847–1872.]

**4. SAME—MERGER OF LEGACIES.**

Testator devised his property to his wife, with a provision that on her death one-half of the estate should go to his legal heirs. He gave an adopted daughter $1,000, making the legacy a charge on the estate. The daughter assigned the legacy, and it passed by will to the widow. *Held,* that there was no merger, the widow never having the sole interest in the estate.

Action by David Gragg against De Mott Gragg and others. Judgment for plaintiff.

One Amby Gragg died in the year 1883, leaving him surviving a widow and various brothers and sisters. The plaintiff is the only son of Charles Gragg, one of these brothers, who died in 1900. The rights of the plaintiff depend upon the construction to be given to the will of Amby Gragg. Its material clauses are as follows:

"First. I give and bequeath to my beloved adopted daughter, Nellie, the sum of One Thousand Dollars ($1,000.00) payment to be made as follows (after my decease): The full amount of One Thousand Dollars ($1,000.00) ten years from my decease, with interest annually (to be paid by my wife, Emma, out of my estate), or as much sooner as she may be able to pay the amount at her option, in sums of One Hundred Dollars ($100.00) or upwards.

"Second. I give and bequeath to my beloved wife, Emma, all the rest of my real and personal estate, of every name and nature whatsoever, to have and to hold the same, her heirs and assigns forever.

"Third. But in case of the decease of my adopted daughter, Nellie, without living children, then the above mentioned sum of One Thousand Dollars ($1,-000.00) to go to my beloved wife, Emma.

"Fourth. In case of the death of my beloved wife, Emma, without children, then one-half of the estate, that I may leave to her, to be paid to my legal heirs.

"I do hereby appoint and nominate Christopher C. Chase to be executor of this, my last will and testament."

The principal of the $1,000 legacy was never paid, but interest was paid to the legatee until September 25, 1900. On that date the legacy was assigned to Israel E. Gibbs. Mr. Gibbs died in 1902, leaving a will by which he bequeathed the legacy to Mrs. Gragg. She was the owner of it at the time of her death. The estate of Mr. Gragg was settled up November 11, 1884. At that time $524.40 was found in the hands of the executor, which was paid over to Mrs. Gragg, to be applied on this legacy. Mrs. Gragg died without issue on March 3, 1904, leaving a will by which she bequeathed her property to Nellie Brown, the legatee under the will of Mr. Gragg, and to one Leonard.

C. L. Hildreth, for plaintiff.

G. H. Hooker, for defendants Brown and others.

E. C. Emerson, for defendant Jacobs.

Brown, Carlisle & Hugo, for defendant Albert Gragg.

ANDREW, J.   Where by the terms of a will a devise or bequest is made to A., followed by a second provision that, in case of the death of A. without issue, the property devised or bequeathed shall go to B., the "death without issue" referred to is death during the

lifetime of the testator.    This rule yields, however, if there are facts and circumstances which reasonably and fairly show a different intention.    Such facts and circumstances exist in the present case. Although by the second clause of his will Mr. Gragg bequeathed and devised absolutely the residue of his estate to his wife, Emma, by the fourth clause he provided that, in case of the death of his said wife without children, one-half the estate that he might leave her should be paid to his legal heirs.    This clause has no force if the death of his wife during the lifetime of the testator is intended.    In such an event the legacy would lapse, and the whole, not the half, of his residuary estate would be paid to his heirs or next of kin. The language used in the fourth clause is also inconsistent with the claim that the testator intended the death during his lifetime.    In that event the legacy lapsed, and he left his wife nothing.    He uses the words, however, "one-half of the estate that I may leave her."    As he left her nothing unless she survived him, this language can only mean a subsequent death of the wife without children. The legacy given to his daughter is to be paid "after the decease" of the testator.    Yet he directs his wife, not the executors, to make the payments.    Obviously he contemplated that his wife would survive him.    By her death, therefore, he had reference to a death after his own.

As Mrs. Gragg did die without children, one-half of the estate went to the heirs of the deceased.    As to the $1,000 legacy, it was clearly a charge upon the land devised.    Colvin v. Young, 81 Hun, 116, 30 N. Y. Supp. 689; Towner v. Tooley, 38 Barb. 598; Harris v. Troup, 8 Paige, 423.    Although title to this legacy was at one time acquired by Mrs. Gragg, there was no merger, because there was never united in her the sole interest in the entire estate.    Nor were any rights under this legacy barred by the statute of limitations.    They would have been so barred except for the fact that interest was paid thereon until 1900.    Ordinarily such payments bind only the one making them, or those thereafter succeeding him in title.    As a general rule, a payment of interest by Mrs. Gragg would prevent the running of the statute only as against herself and her property, not against the others having a vested interest in the same estate.    Murdock v. Waterman, 145 N. Y. 55, 39 N. E. 829, 27 L. R. A. 418; Insurance Co. v. McNeely, 166 Ill. 540, 46 N. E. 1130.

It may well be, however, that in this case the payments were directed by the testator; that they were made by his wife in pursuance to these directions, and would bind any one having any future interest.    Yet, as it may be claimed that only the first 10 payments were made by such direction, and that subsequent payments of interest were simply by way of damages for failure to comply therewith, I prefer to rest my decision on another proposition.

While I find no authority for it, I am of the opinion that the rule does not apply where a contingent estate is created.    In such a case convenience requires that the person entitled to the immediate estate should be considered the representative of all interests, and that his acts should, to some extent, at least, and except as limited by the real property law, bind those who may possibly become interested

later. This rule is applied where actions affecting real property are begun. In such cases those having merely future contingent interests are not necessary parties. Jones, Mort. (5th. Ed.) § 1401; Wilt. Mort. Forec. § 150; Brevoort v. Brevoort, 70 N. Y. 136; Eagle Fire Ins. Co. v. Cammet, 2 Edw. Ch. 127; Nodine v. Greenfield, 7 Paige, 544, 34 Am. Dec. 363.

The present owners of this legacy gained title through Mrs. Gragg. Their claims are limited by what hers might have been. It appears that at one time she received $525.40 from the personal estate of the deceased—the primary fund for the payment of this legacy—to apply on the same. She either so used it, or should have done so. In either event, neither she nor her representatives can be heard to say that this application was not properly made. It was her duty also to pay the interest on this legacy down to time of her death. The amount thereof which may now be charged against the real estate, therefore, is only $474.60, with interest thereon from March 3, 1904.

Findings in accordance with this opinion may be prepared, and, if not agreed upon, will be settled upon proper notice.

Ordered accordingly.