NANREIK REALTY COMPANY, INC., Plaintiff, *v.* MARY K.
KIERNAN et al., Defendants.

(Supreme Court, New York Special Term, March, 1919.)

Mortgages — infants — when order authorizing trustee of life estate and
special guardian of infant remaindermen to make a mortgage binds
after-born children.

> At the time a proceeding for leave to mortgage certain real
> estate was taken, the entire remainder vested in certain chil-
> dren, then born, subject to opening up to let in after-born
> members of the same class, and an order was granted author-
> izing the trustee representing the life estate and the special
> guardian representing the infant remaindermen then living, to
> make the mortgage. The surplus moneys arising upon the
> sale in foreclosure of the mortgage are now held by the trus-
> tee. *Held*, that in an action to determine the interests, if any,
> of infants born after the proceeding for leave to mortgage, in
> which their contingent interests were necessarily recognized
> though not specifically mentioned, the present owner of the
> property was entitled to an adjudication that said infants had
> no interest whatever in the premises.

ACTION to determine what interest, if any, certain
infant defendants have in certain lands.

William F. Clare (William F. Clare and Frederick
A. Gill, of counsel), for plaintiff.

James R. Speers, guardian ad litem, for infant
defendants.

Henry M. Bellinger, Jr., for defendant Kohler.

GIEGERICH, J. This case presents the question
whether certain infant defendants, unborn at the time
a proceeding was taken in 1908 to mortgage the real

estate in question, were bound by that proceeding, which resulted in an order authorizing the trustee representing the life estate and the special guardian representing the infant remaindermen then in existence to make the mortgage in question. The mortgage was subsequently foreclosed and the surplus moneys resulting from such sale are now held by the trustees. The plaintiff is the present owner of the property, and by this action seeks an adjudication whether the infant defendants have any interest therein. The guardian *ad litem* claims that the interests of the infant defendants he represents, who were born subsequent to the proceeding authorizing the making of the mortgage, are not bound by that proceeding, because that order specifically authorized the mortgaging of the interests of the infants therein mentioned by name and no reference was made to the contingent interest of infants not in being, and that, as the contract with the mortgagee referred only to the interests of the infants then in existence and whose names were mentioned, as did the mortgage, the mortgage covered only the estate of the infants so mentioned and not the contingent interests of the after-born infants. I am unable to see any substantial merit in the contention made by the learned guardian *ad litem*. The entire remainder, at the time the proceeding was had in 1908, was vested in the children then born, subject to opening up to let in after-born members of the same class. The substantial and important fact is that, at the time the proceeding in question was had, there were in existence certain members of the class whose interests were identical with the interests of the subsequent-born members, and in protecting the interests of the then existing members of the class the interests of any after-born members were necessarily protected in precisely the

same way. Section 2348 of the Code of Civil Procedure authorizes the binding of the interests of such after-born members of a class. In *Kent* v. *Church of St. Michael,* 136 N. Y. 10, 17, 18, the principle is stated by the court in these words: " Where an estate is vested in persons living subject only to the contingency that persons may be born who will have an interest therein, the living owners of the estate, for all purposes of any litigation in reference thereto and affecting the jurisdiction of the courts to deal with the same, represent the whole estate, and stand not only for themselves, but also for the persons unborn. This is a rule of convenience, and almost of necessity. The rights of persons unborn are sufficiently cared for, if, when the estate shall be sold under a regular and valid judgment, its proceeds take its place and are secured in some way for such persons." Where such a situation exists the action or proceeding which binds the interests of those then living is equally binding upon the interests of those subsequently born. *Tonnele* v. *Wetmore,* 195 N. Y. 436, 445. The converse of such a situation is set forth in *Downey* v. *Seib,* 185 N. Y. 427, where the court said, at pages 431, 432: " There would be little difficulty were it not for the action, unselfish and well intended but not well advised, of the remaindermen in conveying to the life tenant before the judgment of reformation was rendered. While they wished simply to correct the mistake of their father so far as they could and to give their sister a good title, they created such a situation as to leave no one to be made a party to the action to reform the deed, who represented unborn children and who through his own interest would be presumed to see that there was a fair trial and a just disposition of the case." If, in the proceeding had in 1908 and the subsequent surplus money proceeding, the contingent

interests of future-born members of the class had been ignored, and the moneys resulting from the sale of the real estate, and representing in such new form the real estate, had been prematurely divided among the then living members of the class, those proceedings would on their face have been void as to such future-born members. That was not the situation, however. The proceedings fully disclosed to the court the exact situation, and the existence of such contingent interests of future-born members was necessarily recognized, although, it must be admitted, not specifically mentioned. Those interests were protected, however, precisely in the same way that they would have been protected had the proceedings specifically mentioned such contingent interests. The same steps which led to the creation of the fund now on hand would have been taken had such mention been made, and the same substantial provisions would have been made for the preservation of the fund, which is still in existence intact and awaiting its future time for distribution, just as the real estate would have awaited the same future time for division. The failure to make such mention of after-born members of the class was at most a technical failure, and I am not sure it was even that. In *Brevoort* v. *Brevoort,* 70 N. Y. 136, it was held, under the provisions of the Revised Statutes, that " when all of the parties in being having any estate or interest, present or future, vested or contingent, in the lands, are made parties to an action for partition, a purchaser at a sale under a judgment therein, acquires a perfect title. The judgment is conclusive as to the rights of all, and the sale is effectual to bar the future contingent interests of persons not *in esse* at the time, although no notice is published to bring in unknown parties." The decision in *Smith* v. *Secor,* 157 N. Y. 402, relied upon by the guardian

28

*ad litem,* well illustrates the distinction I have attempted to make above, as is shown by the following language of the court, found at pages 406 and 407: " In this case it cannot be known who will be entitled to the proceeds of the land, when finally sold by the trustees, until the trust estate has terminated, which may not be for a generation. The persons thus entitled will take their respective shares under the will, as purchasers from the testatrix, and not as representatives of any party to the partition action. No provision is made for their benefit by setting apart a portion of the land or a portion of the proceeds of the land. The judgment has no more effect than would conveyances from all the parties to the partition action, assuming them to be adults. They could not bind after-born children by their deeds, because the power of alienation was suspended. There were no persons in being by whom an absolute fee in possession could be conveyed during the existence of the trust, except by the trustees under the trust, who would be compelled to hold the proceeds in the place of the land. Descendants cannot set aside at will a valid trust created by their ancestor. While they can bind themselves by deed, or by allowing judgment to go by default, they cannot bind persons not in being at the time. In this case the attempt was made virtually to subvert a trust by a judgment in partition, to compel a purchaser to take title upon the sale and pay for the same, without any provision for the benefit of unborn children, but allowing all to be divided between living parties." In the present case, instead of allowing all to be divided between living parties, precisely the contrary is the fact, and nothing whatever has been done, and no claim is made that anything has been done, in violation of the intention of the testator as exhibited in his will. In *Monarque* v.

*Monarque,* 80 N. Y. 320, the court said, at page 326: "A judgment and sale in partition may conclude contingent interests of persons not in being, but this is only in cases where the judgment provides for and protects such interests by substituting the fund derived from the sale of the land in place of the land, and preserving it to the extent necessary to satisfy such interests as they arise." An examination of the cases which have held that contingent interests are bound, and an examination of the cases which have held that contingent interests are not bound, and a consideration of fundamental principles of equity, all lead me to the conclusion that there should be judgment for the plaintiff adjudging that the infant defendants have no interest whatever in the premises in suit. I do not think, however, that any costs should be allowed. The question of compensation for the guardian *ad litem* and its source will be determined when the requests for findings are passed upon. Let such requests be submitted, with proof of service, within five days after the publication of this memorandum, and at the same time let an affidavit of service by the guardian *ad litem* be submitted.

Ordered accordingly.