1839.

Nodine
v.
Greenfield.

---

NODINE *vs.* GREENFIELD and others.

Where a mortgagee of real estate, after the giving of the mortgage, devised and bequeathed the rents, and profits, and income, of his real and personal estate to his wife for life, with remainder in fee to the children of his brother who should be living at the time of her death ; and to the issue of such of the children as should then have died leaving issue ; and the testator further authorized and empowered his executors, or the survivor of them, to sell his real estate, and to invest the proceeds thereof in permanent securities for the benefit of the devisees thereof ; *Held*, that the children of the brother who were *in esse* at the death of the testator, took vested remainders in fee, as tenants in common, in the mortgaged premises, subject to open and let in after born children ; and subject also to be divested by death during the continuance of the life estate of the widow of the testator, or to be defeated by the execution of the power of sale given to the executors by the will. *Held also*, that the children of the brother who were *in esse* at the time of filing of the bill, ought to have been made parties to a suit in chancery to foreclose the mortgage ; and that their equity of redemption was not barred by a sale under a decree in a suit in which the widow, and the executors, and the heir at law of the testator, alone were made parties.

Where there are several future and contingent interests in the equity of redemption in mortgaged premises, it is not necessary, in a bill of foreclosure, to make every person having a future and contingent interest in the premises a party to the bill of foreclosure; but it is sufficient, if the person who has the first vested estate of inheritance, and all other persons having or claiming prior rights or interests in the premises, are brought before the court.

To make a decree of foreclosure valid, as against all claimants, the person who has the first estate of inheritance in the mortgaged premises, and the several intermediate remainder-men, must be made parties to the bill.

Where the purchaser of real estate has sustained an actual and serious injury by the inability of the vendor to give to him a good title to the premises at the time required by the contract, it seems the court of chancery will not decree a specific performance of the contract by the purchaser; although the vendor is afterwards in a situation to make a perfect title to the premises.

THE bill in this cause was filed for the specific perform- May 7. ance of a contract to purchase lot No. 58, on Hammond street, in the city of New-York; and a reference was directed to a master, to inquire and report whether the complainant had, or could give, a good title to the premises. The master having reported in favor of the title, the case came before the court upon the exceptions of the defendants to his report. The facts in relation to the title, and upon which a legal question as to the validity of the complainant's title arose, were as follows: In September, 1805, J. Ruden was seized in fee of this and other lots; and he and his wife then mortgaged the same to Henry A. and John G. Coster, to secure the payment of about $2,500, with interest. J. Ruden afterwards made a will, executed in due form of law to pass real estate, whereby he authorized and empowered his executors, or the survivor of them, to sell and convey his real estate; and directed them to sell and convert all his personal estate not specifically bequeathed by his will, into money, as speedily after his decease as could reasonably be done. After directing the payment of his debts, and several legacies, out of the proceeds, he directed the residue of his estate to be invested upon bond and mortgage, or in stocks and other permanent securities. He then gave the interest or income thereof, and the rents and profits of the real estate remaining unsold from time to time, to his widow for

life; subject to a charge thereon for the maintenance and education of the testator's adopted son during his minority. And after the death of the widow, he devised and bequeathed all the principal monies so invested, and all the lands and tenements, property, and effects, then belonging to his estate and composing the residue thereof, to the children of his brother, A. Ruden, who should be living at her death, and to the lawful issue of such of the said children as should have died leaving lawful issue, *per stirpes;* and in default of any such children or issue then living, to the said brother if living, and if not, to such persons as should then be entitled to distributive shares of the testator's estate. J. Ruden died in September, 1806, seized in fee simple of the premises in question, subject to the mortgage, leaving a widow, and his brother A. Ruden his only heir at law, him surviving; both of whom were still living, at the date of the master's report. At the death of the testator, A. Ruden had six children, and four more were born afterwards; which ten children were all living at the date of the master's report. The estate of the testator, after paying his debts, being insufficient to pay all his legacies, and the mortgage remaining unpaid, in August, 1826, the surviving mortgagee filed a bill in equity to foreclose the same, in which suit the surviving executor and the widow and brother of the mortgagor only were made defendants. Under a decree of foreclosure in that cause, the premises were sold and conveyed by the master to John R. Peters. And the title of the latter, which he acquired under the master's deed, afterwards came to the complainant by a regular chain of conveyances.

*J. L. Mason,* for the complainant. The children of A. Ruden never had any interest in the estate of J. Ruden under the will; the devise to them being only of the residue of the estate after payment of debts and legacies which it appears the estate was insufficient to discharge. The remainders limited to the children of A. Ruden, upon the life estate devised to the widow, were contingent remainders. The life estate of the widow was effectually destroyed by the proceedings to foreclose the mortgage executed by the

testator, she having been made a party to such proceedings. The contingent remainders could not vest until the death of the widow, who is still alive ; and the precedent estate on which the contingent remainders depended being destroyed before the remainders could vest, they are destroyed also. The fee of the estate, subject to the life interest of the widow, descended to and was vested in A. Ruden, as the heir at law of his brother the testator—all the estates devised after the life of the widow being contingent merely. A. Ruden was therefore properly made a party to the bill of foreclosure, and the sale under the decree of the court made upon that bill, vested a good title in the purchaser.

*J. W. Gerard,* for the defendants. The children of A. Ruden, who were living at the time of the foreclosure, should have been made parties thereto, whether their remainders were vested or contingent. All persons having a probable interest in the property, or in the surplus monies in case of a sale, should be made parties. The children of A. Ruden, on the death of the widow of J. Ruden the testator, will have a right to redeem the premises in question ; if they have not such right before her death. Where the title is doubtful, the court, upon a bill for a specific performance, will not compel the defendants to take the property.

THE CHANCELLOR. The objection to the title in this cause is, that the children of A. Ruden, who were in existence at the time the bill of foreclosure was filed, and who were the first devisees of the remainder in fee after the termination of the life estate of the widow, were not made parties to the suit ; and that their equity of redemption was, therefore, not extinguished by the sale under the decree in that suit. This objection appears to be well taken ; and the master therefore erred in reporting that the complainant could give a good title.

No estate whatever was vested in the executors in this case by the will of the testator ; but they had a mere power in trust to sell and convey the estate for the purposes of the

1839.

Nodine
v.
Greenfield.

will. Neither did the legal title to the premises descend to the heir at law of the testator until the execution of such power; for by the terms of the will, the rents and profits of the real estate remaining unsold are devised to the widow for life, and the estate itself, if not sold by the executors, is devised to the children of his brother who may be living at the time of her death. Upon the death of the testator, therefore, the widow took a life estate in the premises, and the children of A. Ruden, who were then in *esse*, took vested remainders in fee, as tenants in common therein, subject to open and let in after born children; and subject to be divested by death during the lifetime of the widow, or to be defeated by the execution of the power of sale by the executors or the survivor of them. ( *Doe* v. *Provoost*, 4 *John. Rep.* 61. *Doe* v. *Martin*, 4 *Term Rep.* 39. *Osbuy* v. *Bury*, 1 *Ball & Beat.* 53.) Where there is a contest in chancery in relation to real estate, or where a mortgagee wishes to foreclose a mortgage, in a case where there are several future and contingent interests in the equity of redemption, it is not necessary to make every person having or claiming a future and contingent interest in the premises a party to the bill, in order to bar his right or claim, by the decree in the cause; but is sufficient, if the person who has the first vested estate of inheritance, and all other persons having or claiming prior rights or interests in the premises, are brought before the court. (*Story's Eq. Pl.* 140, § 144; 182, § 198. 1 *West's Rep.* 619. *Ambler*, 564.) The person having the first estate of inheritance, and who is in *esse*, appears however to be a necessary party to a bill of foreclosure, to make the decree a bar either to his right, or to the right of any contingent remainder-man who is not made a party to the suit. In the case of *Gore* v. *Stackpoole*, (1 *Dow's Rep.* 31,) in the House of Lords, upon an appeal from Ireland, Lord Chancellor Eldon said, it was clear equitable law, that in order to make a foreclosure valid as against all claimants, he who had the first estate of inheritance must be brought before the court; and even then, the intermediate remainder-men for life ought to be brought before the court, to give them an opportunity to pay off the mortgage if they thought fit. (*See also Coote's*

*Law of Mort.* 522. *Yates* v. *Hambly,* 2 *Atk. Rep.* 237.) In this case, the children of A. Ruden, who were in *esse* at the time of filing the bill of foreclosure, had the first estate of inheritance in the mortgaged premises, in remainder after the termination of the life estate of the widow ; and not being made parties, neither they nor the children born subsequently were bound by the decree. The exception to the master's report must therefore be allowed, with costs.

1839.

Nodine
v.
Greenfield.

It appears by the report of the master, that it was proved before him that the estate of the decedent was insufficient to pay the several legacies charged thereon, after satisfying the debts. If such was the fact, it was unquestionably the duty of the surviving executors to sell the equity of redemption, or to release it to the mortgagees in satisfaction of their debt if the value thereof did not exceed the amount due. And as the surviving executor has not only the power but is actually directed by the will to sell the estate and pay the debts and legacies, it is probable a perfect title may still be procured by the complainant, by a conveyance of the equity of redemption by the executor; which equity is probably worth nothing beyond the amount due on the mortgage. If a perfect title to the premises can be made in that way, I will reserve the right to the complainant to make such an application on the subject as he may think proper. But as the defendants have probably sustained a serious injury by the delay, and by the inability of the complainant to give them a good title at the time when their contract of purchase should have been consummated by a conveyance, which would render it improper to compel a specific performance upon a new title now to be procured, I cannot give any further directions on the subject without affording them an opportunity to be heard, in relation to the right of the complainant to compel them to take the title if it can now be made perfect.