New York County—HON. GIDEON J. TUCKER, Surrogate—May, 1863.

## LAROCQUE v. CLARK.

*In the Matter of the Petition for Payment of a Legacy, in the Estate of* CHARLES SAXTON, *deceased.*

The testator directed a certain sum to be invested by his executors, the income thereof to be paid to his parents during life; and on the death of both, out of the sum so invested, to pay $2,500 to the testator's brother. The brother died before either parent.

*Held*, 1. That the legacy to the brother, consisting of personal property, and being chargeable on the personal estate, vested from the testator's death; and, on the death of both parents, should be paid to the legatee's personal representative.

2. The gift was not payable on the happening of a contingent event. The mere postponement of the actual possession of a legacy affixes no condition to its actual vesting. (*Nodine* v. *Greenfield*, 7 *Paige*, 544—distinguished.)

Joseph Larocque, the administrator of the goods, &c., of Warren Saxton, deceased, presented a petition for an account-

ing by George Clark and Orville Brooks, executors of the last will and testament of Charles Saxton, deceased. The executors rendered an account of their proceedings, when it appeared that the sum of ten thousand dollars was in their hands for distribution.

The testator, by his will, directed, among other things, "that $10,000 of my estate be invested by my executors in some safe stock," &c., "and I hereby give the whole income and profits of said $10,000 to my father, as long as he shall live, and then to my mother as long as she shall live;" and "after the death of both my father and mother, out of the $10,000 invested for their benefit, I give and bequeath the sum of $2,500 to my brother, Warren Saxton," &c. "And I request and direct my executors to apportion my property among those interested."

Warren Saxton died in the lifetime of his father and mother. Both the latter being dead also, the administrator of Warren petitioned the surrogate that the executors of Charles Saxton be directed to pay over to him the $2,500.

JOHN SHERWOOD, *for the Executor.*

I. The fund of $10,000 was intended to be, until the decease of the parents, a perfect and indivisible fund, and the vesting does not take place until the time arrives when the division is to be made.

II. Where the whole gift is contained in a direction to the executors to pay or divide at a future time, or in a certain event, the vesting often does not take place till the time arrives or the event happens. (*Leake* v. *Robinson*, 2 *Meriv.*; 363, 387.)

III. The most that can be said of the interest of Warren Saxton is, that he was vested with the amount named, $2,500, liable to be divested by his death in the lifetime of his father and mother.

IV. The fund in question goes to the residuary estate, and should be divided accordingly.

JEREMIAH LAROCQUE and WILLIAM BLISS, *for the Petitioner.*

THE SURROGATE.—I. As to the first point raised by the executor, I believe it to be the general rule of law, that a legacy, payable in the future, and consisting of personal property, or charged upon personal estate, vests from the death of the testator. The law was otherwise as to legacies charged upon the realty, and the chancellor showed the distinction between them, in his remarks in *Birdsall* v. *Hewlett* (1 *Paige*, 32). He said, "Legacies charged upon the real estate and payable at a future day, are not vested, and become lapsed, if the legatee dies before the time of payment arrives. This rule was at first adopted without any exceptions, and in direct opposition to that which existed in regard to legacies payable out of the personal estate." And WILLIAMS lays down the rule with precision (2 *Will. on Ex.*, 776), as follows: "Where a person bequeaths a sum of money, or other personal estate, to one for life, and after his decease to another, the interest of the second legatee is vested, and his personal representatives will be entitled to the property, though he die in the lifetime of the person to whom the property is bequeathed for life." (And see *Barker* v. *Woods*, 1 *Sandf. Ch.*, 131.)

II. Nor is this a case where "the whole gift is contained in a direction to executors to pay or divide on a certain event." Time, in this case, was annexed only to the gift, and not to the substance of the gift; and is not connected with any event to happen to the donee. (*Van Wyck* v. *Bloodgood*, 1 *Bradf.*, 154.) The mere postponement of the actual possession of the legacy affixed no condition to the immediate vesting of the interest.

III. As to the question whether the legacy once vested could be divested by the death of the legatee, I am referred by the executor's counsel to the dictum of Chancellor WALWORTH, in *Nodine* v. *Greenfield* (7 *Paige*, 544). But that was a real estate case—a devise of a remainder in fee to such children (nephews of testator) as should be living at the time of the decease of his widow, their aunt, and it was of course

held that they took subject to be divested by their death during the aunt's life estate, and subject to open and let in children born during the life estate. The cases of *Baker* v. *Lorillard* (4 *N. Y.* [4 Comst.] 257), and *Wilson* v. *Wilson* (32 *Barb.*, 328), are of the same nature.

IV. It is my judgment that the legacy to Warren, under the will, vested from the death of the testator, and that it now belongs to his representatives. A decree will be entered as prayed for.