*The accounting in* CHARLES SAXTON'S *Estate.*

LEGACIES consisting of personal property or charged upon personal estate, and payable in the future, vest from the death of the testator, and are not divested by the death of the legatee, but belong to his representatives.

JEREMIAH LAROQUE *and* WILLIAM BLISS, *for Petitioners.*
JOHN SHERWOOD, *for Executors.*

THE SURROGATE. The testator, by his will, directed, among other things, "that $10,000 of my estate be invested by my executors in some safe stock," etc., "and I hereby give the whole income and profits of said $10,000 to my father, as long as he shall live, and then to my mother as long as she shall live; " and "after the death of both my father and mother, out of the $10,000 invested for their benefit I give and bequeath the sum of $2,500 to my brother, Warren Saxton," etc. "And I request and direct my executors to apportion my property among those interested.".

Warren Saxton died in the lifetime of his father and mother. Both the latter being now dead, also, the administrator of Warren petitions this Court that the executors of Charles Saxton be directed to pay over to him the $2,500.

The application is resisted by the executors, whose points are as follows:

"That the fund of $10,000 was intended to be, until the decease of the parents, a perfect and indivisible fund; and that the vesting does not take place until the time arrives when the division is to be made.

"Where the whole gift is contained in a direction to executors to pay or divide at a future time, or on a certain event, the vesting often does not take place till the time arrives or the event happens. (2 *Meriv.*, 387.)

"The most that can be said of the interest of Warren

Saxton is, that he was vested with the amount named, $2,500, liable to be divested by his death in the lifetime of his father and mother.

"The fund in question goes to the residuary estate and should be divided accordingly."

I. As to the first point, I believe it to be the general rule of law, that a legacy payable in the future, and consisting of personal property, or charged upon personal estate, vests from the death of the testator. The law was otherwise as to legacies charged upon the realty, and the Chancellor showed the distinction between them in his remarks in *Birdsall* v. *Hewlett*, 1 *Paige*, 34. He said: "Legacies charged upon the real estate and payable at a future day are not vested, and become lapsed, if the legatee dies before the time of payment arrives. This rule was at first adopted without any exceptions, and in direct opposition to that which existed in regard to legacies payable out of the personal estate." And Williams lays down the rule with precision 2 *Will. on Exrs.*, *p.* 776, as follows: "Where a person bequeathes a sum of money or other personal estate to one for life, and after his decease to another, the interest of the second legatee is vested, and his personal representatives will be entitled to the property, though he die in the lifetime of the person to whom the property is bequeathed for life." (And see *Barker* v. *Morgan*, 2 *Sand. Ch. Reports*, *p.* 131.)

II. Nor is this a case where "the whole gift is contained in a direction to executors to pay or divide on a certain event." Time, in this case, was annexed only to the gift, and not to the substance of the gift; and is not connected with any event to happen to the donee. (*Van Wyck* v. *Bloodgood*, 1 *Brad. Rep.*, 154.) The mere postponement of the actual possession of the legacy affixed no condition to the immediate vesting of the interest.

III. As to the question whether the legacy once vested could be divested by the death of the legatee, I am referred by the executor's counsel to the dictum of Chan-

· cellor Walworth in *Nodine* v. *Greenfield*, 7 *Paige*, 548. But that was a real estate case, a devise of a remainder in fee to such children (nephews of testator) as should be in living at the time of the decease of his widow, their aunt, and it was of course held that they took subject to be divested by their death during the aunt's life estate, and subject to open and let in children born during the life estate. The cases of *Baker* v. *Lorrillard, in 4th Comstock,* and *Wilson* v. *Wilson, in 32d Barbour S. C. Reports,* are of the same nature.

IV. It is my judgment that the legacy to Warren, under the will, vested from the death of the testator, and that it now belongs to his representatives. A decree will be entered as prayed for.