(87 App. Div. 262.)

NEW YORK SECURITY & TRUST CO. et al. v. SCHOENBERG et al.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. MORTGAGES—SATISFACTION—CANCELLATION—PARTIES—CONTINGENT REMAINDERMEN.

Under the Revised Statutes, providing that contingent remainders are future estates devisable, descendible, and alienable, where suit was brought to set aside the satisfaction of certain mortgages on property which had been devised to a widow, with contingent remainders to certain minors, and to foreclose such mortgages, the action was not an ordinary suit for foreclosure of mortgage, but was for the imposition of a new lien on the property, and hence such contingent remaindermen were necessary parties.

2. JUDICIAL SALES—COMPLETION—LIABILITY OF PURCHASER—MARKETABLE TITLE.

Where there was a reasonable doubt as to whether a contingent remainderman was a necessary party to a suit to impose an equitable lien on land, and he was not made a party to such suit, the purchaser would not be compelled to accept the title.

3. SAME—ESTOPPEL.

That a purchaser at a judicial sale of real estate purchased with knowledge that a certain contingent remainderman had not been made a party to a suit affecting the title, did not estop such purchaser from refusing to complete the sale on the ground that the title was unmarketable by reason of such defect.

Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by the New York Security & Trust Company and another against Rosalie Schoenberg and others and the North River Savings Bank. From an order requiring defendant bank to complete its purchase of certain real estate, it appeals. Reversed.

The order appealed from directed the North River Savings Bank to complete its purchase of premises sold pursuant to a judgment herein entered. The action which resulted in the judgment directing the sale was brought by the plaintiffs to re-establish two prior mortgages on the premises, which had been satisfied by the proceeds of a mortgage held by plaintiffs, so that they might, by being subrogated to the rights of the original mortgagees, sell the premises, and receive the amount of their claim. Certain contingent remaindermen were not made parties to the action, and for that reason the bank refuses to take title, contending that they should have been included as parties. The plaintiffs contend that this is a simple foreclosure suit, and hence that it was not necessary to make as parties the contingent remaindermen.

The property in question was owned by Joseph Rosenfield, who died February 8, 1881, leaving by his first wife, who was then deceased, three children, who are still living, and a widow, now living, named Rosalie, and four children, who are also still alive, one of whom, Mrs. A. R. Jeffries, has an infant son. By his will the decedent gave to his wife all his estate in trust to receive the income thereof during her life, his entire estate at her death to vest absolutely in her children equally, and if any child died before her, leaving issue, such issue to inherit the share his parent would have received if living. There were also similar provisions in the will as to the disposition of the estate in the event that his widow should marry. In certain contingencies, therefore, a grandchild of the testator, by the will, and the three children of the first marriage, as heirs at law, might become seised of the premises; but these persons were not joined in the action. At the death of the testator there was due $7,000 on an outstanding mortgage against this property, and in 1883 a further mortgage for $2,500 was placed upon it by order of the court, in behalf of the widow and children. Thereafter, in

1886, by virtue of chapter 257, p. 436, of the Laws of 1886, another mortgage for $26,000 was given by the widow and her children on property including the premises in question, and the order permitting the giving of the mortgage directed that from the proceeds there should be paid the prior outstanding mortgage on which $7,000 was due, and the other mortgage of $2,500; and such mortgages were satisfied of record. And finally in 1891 a similar application was made by the widow and her children to mortgage the premises and other property of the estate for $30,000, which was granted; and two mortgages, one for $12,000, and the other for $18,000, were given, and by direction of the court the prior mortgage of $26,000 was paid. The plaintiffs, who are the owners of the $12,000 mortgage, subsequently discovered that under chapter 257, p. 436, of the Laws of 1886, the trust estate only could be mortgaged, and the estate in remainder would not be affected by any mortgage made under that act (Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8), and therefore brought their action, as stated, to re-establish the original mortgages of $7,000 and $2,500, which were paid by their moneys, and, by being subrogated to the rights of the original mortgagees, foreclose such mortgages. The plaintiffs obtained a judgment directing a sale of the premises, and at such sale the bank bid for the property, but refused to complete the purchase. From the order directing the purchaser, the North River Savings Bank, to complete its purchase, this appeal is taken.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Harold Swain, for appellant.
Lorenzo Semple, for plaintiff respondent.
Harold Nathan, for defendant respondent.

O'BRIEN, J. The question presented is whether, in an action such as this, the contingent remaindermen were necessary parties, or, differently expressed, whether the judgment is binding on certain contingent remaindermen who were not parties to the action.

The learned judge at Special Term, in granting the motion compelling the purchaser to complete its purchase, stated that the doctrine of Nodine v. Greenfield, 7 Paige, 544, 34 Am. Dec. 363, "has been repeatedly followed, never overruled, and must now be deemed the established law of this state." In view of the controlling influence which this decision exercised over the Special Term, it becomes important to examine into the facts of that case, and see precisely what questions were determined. The objection to the title therein was that children who were in existence at the time when the bill of foreclosure was filed, and who were the first devisees of the remainder in fee after the termination of the life estate of the widow, were not made parties to the suit. The contention that their equity of redemption was therefore not extinguished at the time of the sale in that suit was sustained, and in the opinion it was said:

"Where there is a contest in chancery in relation to real estate, or where there are several future and contingent interests in the equity of redemption, it is not necessary to make every person having or claiming a future and contingent interest in the premises a party to the bill, in order to bar his right or claim by the decree in the cause; but it is sufficient if the person who has the first vested estate of inheritance, and all other persons having or claiming prior rights or interests in the premises, are brought before the court."

While this decision, therefore, directly decided that certain vested remaindermen were necessary parties, we have dicta from which the

rule, frequently followed, has been deduced that in foreclosure actions it is only necessary to bring into court as parties those having the first vested estate of inheritance and those having prior rights.

In ordinary foreclosure suits we have thus the general rule established that it is sufficient to have as parties the first person in being who has a vested estate of inheritance, together with those claiming prior interests, and that in such suit those who may have a claim in remainder or in reversion after such vested estate of inheritance may be omitted as parties. This rule was based upon the English authorities, and upon the fact that, at common law, contingent remainders were regarded as being mere possibilities, which could not be transferred before the happening of the contingency otherwise than by estoppel. In other words, they were not estates in land. Under the Revised Statutes, however, contingent remainders are future estates, devisable, descendible, and alienable; and therefore, in actions affecting their interests, contingent remaindermen ought to be made parties. In ordinary foreclosure suits, as stated, the rule is well established that they are not necessary parties; but, with respect to actions other than simple foreclosures, we are referred to no case wherein it has been held that they are not necessary parties, and it is doubtful if the rule which has been made applicable to simple foreclosures will ever be extended in this state as long as the provisions of the present statutes relating to estates in land remain in force and effect.

As affecting foreclosure suits, taking the rules as stated to be established, it remains to be determined whether or not this is a simple foreclosure suit. Its purpose is to establish an equitable lien upon this property; and to that end it seeks, first, to set aside two satisfaction pieces of mortgages filed many years ago, and to re-establish such mortgages, and then to foreclose them. Here it appeared that the property in question was owned by one Joseph Rosenfield, and that after his death the executors and special guardian of his children executed two mortgages, pursuant to chapter 257, p. 436, Laws 1886. The Court of Appeals, in Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8, held that under the provisions of that law the trust estate only could be mortgaged, and that the estate in remainder would not be affected by any mortgage authorized under that act. As this mortgage which the plaintiff held, therefore, did not cover all the interest which Joseph Rosenfield had in the property at his death, but only covered the trust estate held by the executors, it is sought in this action to re-establish the mortgage which was a lien on the entire estate or interest which Joseph Rosenfield had in the property at the time of his death. This, together with the other mortgage sought to be reinstated as a lien, was long since satisfied. To re-establish these mortgages as liens, testimony was introduced tending to show that the money obtained by the executors upon the mortgage made pursuant to the laws of 1886 was used to discharge the mortgage which existed at the time of Rosenfield's death, and another mortgage made by his executors and trustees and children shortly after his death; and the plaintiffs, under the doctrine of subrogation, endeavored to re-establish these mortgages, to the end

that they might thus have a lien upon the entire property, and, under the judgment of sale in this action, give to a purchaser a good title thereto.

An action such as this, which is intended to establish an equitable lien which shall be more extensive than the mortgage which the plaintiffs hold, and then to foreclose such lien when established, is, in our opinion, something unlike and dissimilar to an ordinary foreclosure suit. Were it sought to create a mortgage on the property, then, seemingly, in such an action, all persons having an interest in the property should be made parties. With respect to those having an interest therein, what is the difference, in principle or in result, between an attempt to create a mortgage on the property, and reestablishing a mortgage thereon which has been once legally satisfied? By the amendment made in 1897 to section 87 of the real property law (Laws 1897, p. 50, c. 136), it was provided that a trustee could not be authorized by the court to make a mortgage binding his estate and future estates until notice of the application has been served upon "the beneficiary of such trust, and every other person in being having an estate, vested or contingent, in reversion or remainder, in said real property." In an action such as this, wherein it is sought to establish an equitable mortgage or lien, seemingly the same practice should be followed, with a view to effectually cutting off contingent interests in the property.

Here the infant son of Mrs. Jeffries, it is claimed, has a contingent estate in the premises; and it is agreed, we take it, that as such he would have been a proper party. The plaintiffs insist, however, that he is not a necessary party. It is not essential for us to determine flatly that he is, which is the view we would be inclined to take if a decision were required; but, to render this title unmarketable, it is only necessary that upon that question there exist a reasonable doubt, which should not be solved in the absence of those to be affected thereby.

To obviate the objection made, certain of the respondents suggest that, under the will as it should be construed, the alleged contingent remaindermen had no interest in the property. It is urged that the purchaser should be compelled to take on the ground that, under the will of their father, Joseph Rosenfield, the children then alive took a vested estate absolutely upon the remarriage of their mother, and that therefore there was no contingent remainder, in favor of their issue or any one else, outstanding. We would gladly assent to this view, as a means of curing the objection, if such a construction were entirely free from doubt; but where, as here, there is a serious dispute as to the construction of the will, we can only repeat what has already been said in our discussion of another point—that before reaching a determination which would exclude the son of Mrs. Jeffries, who, it is insisted, has a contingent estate in the property, he ought upon that question to have his day in court.

The other contention, that this purchaser acted at the sale with knowledge of the fact that this contingent remainderman was not a party, and is therefore estopped, is, we think, equally without merit. The bank, wanting the property, was not required, even with the

knowledge of the question involved, to permit some one else to purchase it at a lower price, perhaps eventually to find that the title would be upheld as marketable and good. This would be asking the bank to run the risk of losing the property. It had the right to purchase at the sale, even though it knew of, and intended to raise, the question affecting the title, and thus submit, as in this case was done, to the court its rights as a purchaser.

Having reached the conclusion that this is not a simple foreclosure suit, and that there is no disposition to extend the rule as to necessary parties in actions affecting real estate, it is sufficient for the determination of the present appeal to say that upon the question whether the contingent remaindermen were or were not necessary parties, which we are not called upon to decide, there is such a grave doubt that the Special Term should not have compelled the purchaser to complete the sale and accept a title which, in the face of this objection, was, we think, unmarketable.

The order accordingly should be reversed, with $10 costs and disbursements, and the motion to compel the purchaser to take the property should be denied, with $10 costs.

HATCH and LAUGHLIN, JJ., concur. PATTERSON, J., dissents. VAN BRUNT, P. J., concurs in result.