## NEW YORK SECURITY & TRUST CO. et al. v. SHOENBERG et al.

(Supreme Court, Appellate Division, First Department. June 29, 1904.)

1. MORTGAGES—FORECLOSURE—COMPROMISE AGREEMENT—SETTING ASIDE AGREEMENT.

In mortgage foreclosure, all those having an interest were joined, save an infant contingent remainderman, and, after issue joined, the parties made a compromise agreement whereby foreclosure was to be had for a less sum than was claimed to be due, and a judgment was so entered. There being a doubt about the marketability of the title, it was advertised for sale, subject to contingent rights. The remaindermen moved for an order that the premises be sold clear of incumbrances, or the agreement set aside, and the action restored for trial. Plaintiff opposed the motion, but the premises were ordered to be sold clear of incumbrances. Thereafter it was adjudicated that the purchaser could not obtain a marketable title, owing to the interests of the infant, and plaintiff then obtained an order vacating the agreement. Held, on appeal from such order by the remaindermen, that the infant should be brought in and have his rights determined on all the facts, and that, under the circumstances, the order should be affirmed after modification, providing for payment of costs by plaintiff subsequent to the answer.

Appeal from Special Term, New York County.

Suit by the New York Security & Trust Company, as substituted trustees, etc., and another, against Rosalie Shoenberg and others. From an order vacating a compromise agreement, and a judgment of foreclosure and sale based thereon, Rosalie Shoenberg and others appeal. Modified and affirmed.

See 84 N. Y. Supp. 359.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Harold Nathan, for appellants.
Charles B. Samuels, for respondents.

LAUGHLIN, J. This is an action to foreclose a mortgage for $12,000 given in 1892, and, in the event that it shall be deemed invalid as a lien upon certain estates in remainder which were intended to be covered thereby, to establish an equitable lien in favor of the plaintiffs for a like amount by restoring certain liens discharged by moneys advanced by the mortgagee, and by subrogating the plaintiffs to the rights of the owners and holders of such liens. After issue was joined in the action, the remaindermen—who were all of age then, denied the validity of the mortgage as a lien upon their interests—and the plaintiffs entered into a stipulation by which the plaintiffs were to have a judgment of foreclosure, declaring the mortgage a valid lien as against all the defendants for $10,000, without interest. This was about $3,000 less than the indebtedness secured by the mortgage and interest. The compromise agreement also embraced a mortgage for

$18,000 upon other lands owned by the same parties, and given at the same time and under like circumstances. It was reduced to $14,000, without interest. The case came on for trial, the stipulation was read in lieu of other evidence, and judgment was entered in accordance therewith. It was expected that the remaindermen would be able to raise the money to satisfy the mortgages, and, with that end in view, it was provided in the agreement that the sales should not be advertised until after the expiration of 90 days, within which period the plaintiffs were to accept the amount of the mortgages as thus reduced in full satisfaction thereof. It was believed by all the parties and their counsel that good title could be given under the foreclosure judgments. The remaindermen endeavored to obtain a loan upon the mortgaged property, with a view to paying off the mortgages. Objection to the title was made by certain title companies upon the ground that a contingent remainderman, the infant son of the defendant Jeffress, was not joined as a party defendant, and the remaindermen were unsuccessful in their efforts to obtain a loan. This alleged defect of title was brought to the attention of counsel for the plaintiffs, who subsequently caused a notice of sale under the foreclosure judgment to be published, setting forth that the premises would be sold "subject to the contingent rights or claims, if any there be, not barred by the judgment herein, in favor of any persons, born or unborn, not parties to this action, claiming as heirs of Joseph Rosenfield, deceased, or as devisees under his will." Counsel for the remaindermen thereupon moved for an order directing the referee to discontinue the publication of this clause in the notice of sale, and to sell the premises free and clear of incumbrances, and, in the event that this could not be done, that the compromise agreement be set aside, and the decision and judgment vacated, and the action restored to the calendar for trial upon the issues presented by the pleadings. The plaintiffs opposed this motion—especially the alternative relief asked. The court directed that the referee omit the objectionable clause from the notice of sale, and that the sale be made free and clear of incumbrances. The North River Savings Bank, owning adjacent lands, was desirous of acquiring these premises. Prior to the sale its counsel conferred with counsel for the plaintiffs with reference to this alleged defect in the title, and made suggestions concerning the steps that should be taken to cure the defect. Upon the sale the property was struck off to the North River Savings Bank for the sum of $46,300, but it subsequently refused to take title upon the ground, among others, that this infant was not made a party defendant. The plaintiffs then moved to compel the bank to complete its purchase. The motion was granted at Special Term, but the order was reversed by this court upon the ground that, on account of the omission to make the infant contingent remainderman a party, the title was not marketable, and the reversal was affirmed by the Court of Appeals. New York Security & Trust Company v. Schoenberg, 87 App. Div. 262, 84 N. Y. Supp. 359, affirmed in 177 N. Y. 556, 69 N. E. 1128. The plaintiff then moved for an order vacating the compromise agreement, and the decision and judgment based thereon. This motion was granted, and the remaindermen appeal from the order.

The contention of the appellants is that the object of the compromise agreement may still be attained by bringing in the infant as a party defendant, and that, the plaintiffs having objected to the relief they now ask, the appellants sought it, and, having persisted in proceeding with the action, such relief should not be awarded now on their application, especially since, for the reasons stated, it is unnecessary. These objections are not without merit. The difficulty, however, is that, while we see no obstacle to bringing in the contingent remainderman, yet we cannot say that even, if he should be brought in, the facts and circumstances would warrant or require that the guardian ad litem be authorized to enter into the compromise agreement in behalf of the infant. That would require a consideration of the facts at issue, and a forecast of the probabilities of the result of the litigation if continued. Other complications affecting the marketability of the title might arise if such course should be taken. We are therefore of opinion that it would be better to allow the infant to be brought in, and have his rights determined by an adjudication upon a consideration of all the facts, rather than by negotiations for a settlement with the approval of the court. In this view, the fruits of the compromise agreement cannot be fully realized. It appears to have been entered into owing to a mutual mistake or misconception of the rights of the parties, and we are of opinion that it should be vacated. The decision and judgment, of course, fall with it. The order was granted without terms. This is unjust to the appellants, who were willing and anxious that this very relief might be decreed as soon as this defect of title was brought to their attention.

The order should therefore be modified by providing that it is granted upon payment by the plaintiffs of $10 costs, and of all taxable costs of the action subsequent to the service of the answer to date, and, as thus modified, affirmed, with disbursements of the appeal to the appellants. All concur.