Katie B. Hess, Appellant, *v.* William Hess et al., Defendants.

August Siegel, Respondent.

Will — gift of life estate to widow with remainder over to children — action for dower by widow — failure of plaintiff to make living grandchildren of testator, who will have contingent remainder, parties defendant — judgment of sale in such action does not cut off interests of grandchildren — purchaser of property at judicial sale should be relieved of his purchase.

Testator gave to his wife a life estate in his residuary estate with a vested remainder in his children liable to be divested by the death of any child during the lifetime of the widow and provided also that if any of the children should die before the termination of the life estate, leaving issue him or her surviving, such issue should take the parents' estate; thereafter, while all of the children were living and also grandchildren living who will have remainders, contingent upon the death of the parent during the lifetime of testator's widow, their grandmother, the life tenant, the widow brought this action to obtain her dower in real estate owned by testator at the time of his death and in such action made the remaindermen, the children of the testator, parties to the action but failed to make the grandchildren, having contingent remainders, parties thereto. *Held*, that their . contingent interest was not foreclosed and cut off by the judgment directing a sale of the land. Hence, a purchaser of such land at such judicial sale is entitled to an order relieving him from his purchase. *Held, further*, that if the defendants to the action had been the living children, with vested remainders, and all the living grandchildren having such remainders, the judgment directing the sale would have foreclosed not only the interests of all of these parties but also the rights of any grandchildren who might thereafter be born, since such unborn grandchildren would have been represented in the action by their parents or the persons who had the first vested estate in remainder.

*Hess* v. *Hess*, 198 App. Div. 943, affirmed.

(Argued February 27, 1922; decided March 21, 1922.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial

department, entered July 22, 1921, which unanimously affirmed an order of Special Term granting a motion by the purchaser at a judicial sale to be relieved from his purchase.

*Jerome A. Peck* and *Frederick G. Schmidt* for appellant. Contingent remaindermen are not necessary parties defendant in an action for dower. (*N. Y. Security Co.* v. *Schoenberg*, 87 App. Div. 262; 177 N. Y. 556; *Nodine* v. *Greenfield*, 7 Paige, 544.)

*De Witt H. Lyon* for respondent. No good title can come through this so-called dower action and the contingent remainders of the grandchildren cannot be cut off in this action to which they were not parties. (*N. Y. S. & T. Co.* v. *Schoenberg*, 87 App. Div. 262; 177 N. Y. 556; *Matter of Callahan*, 96 Misc. Rep. 74; 176 App. Div. 906; 220 N. Y. 774; *Runyon* v. *Grubb*, 119 App. Div. 17; 192 N. Y. 586; *Matter of Crane*, 164 N. Y. 61.)

CRANE, J. This action was brought by Katie B. Hess, the widow of Jacob Hess, to obtain her dower in a parcel of land in the village of Port Chester, county of Westchester.

Judgment was entered directing a sale of the premises, the widow having consented to accept a gross sum in satisfaction of her dower, pursuant to section 280 of the Real Property Law (Cons. Laws, ch. 50).

The objections to the title pressed upon the motion were stated as follows: " There are in existence at the present time various grandchildren of said Jacob Hess and under the fifth paragraph of the decedent's will * * * it is provided that should any of the children of said Jacob Hess die before being entitled to take under the terms of his will, leaving lawful issue, that such issue should take the share the parent would otherwise have taken. The said grandchildren therefore have contingent

remainders which are not cut off by this action to which they were not parties and could not be cut off in any event for the reason that the persons interested cannot be determined until the death or remarriage of the said Katie B. Hess."

Jacob Hess died on the 13th day of July, 1903, leaving a last will and testament executed on the 6th day of January, 1902. The third, fourth and fifth paragraphs are the only parts of the will material to this case and read as follows:

" *Third.* I hereby give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal wheresoever the same may be situate and which, at the time of my death, shall belong to me or be subject to my disposal by will, to my wife, Katie B. Hess, for and during the term of her natural life, or so long as she remains my widow.

" *Fourth.* Upon the death or remarriage of my said wife, Katie B. Hess, I direct and empower my Executors hereinafter named to sell all my real estate at public or private sale as to them shall seem wise and for the best interest of my estate, and to divide the proceeds of such sale after all necessary expenses thereof being deducted therefrom, together with any and all personal property which is hereinbefore bequeathed to my wife for her life or widowhood, into six equal shares, one of said equal shares I give, devise and bequeath to the Executors of this, my will hereinafter named, to be had and held by them and the survivor of them and their or his successor in the trust as trustees, in trust during the life of my son, George, to invest and keep invested said share with power to call in and change the investment from time to time and to collect and receive the income thereof and after paying thereout all lawful expenses and charges to pay over the net income from the said trust estate arising to my said son, George, from time to time, during his life for his sole use and benefit, and upon the death of

1922.] Opinion, per CRANE, J. [233 N. Y. 164]

my said son George, to convey, transfer and deliver and pay. over the capital of said trust estate, with all gains and increases of capital thereof, if any, to my children who shall survive my said son George, in equal shares; the remaining five shares to be equally divided among my remaining five children, namely:

" William, Maggie, wife of Frederick Gerlach, Anna Katie, Christina Sophie, Viola Emili share and share alike, in fee simple absolute. But should any of said five children be under the age of twenty-one years at the time when he or she would be entitled to receive his or her share, then I give, devise and bequeath to the Executors of this my will hereinafter named the share or shares of those of my children who may be under the age of twenty-one years, to be had and held by my Executors, and the survivor of them and their or his successor and successors in the trust as Trustees, in trust, during the minority of those of my children who may be under the age of twenty-one years at the time when they would be entitled to take their shares under the terms of this will, to invest and keep invested said share or shares with power to call in and change the investment from time to time and to collect and receive the income thereof and after paying thereout all lawful expenses and charges, to apply the net income from said Trust Estate arising toward the support, maintenance and education of those of my children who may be under the age of 21 years, and upon each of said children attaining the age of (21) twenty-one years, to convey, transfer and deliver to him or her the principal and capital of his or her share with all gains and increase of capital thereof, if any, should any of my minor children die before attaining the age of twenty-one years leaving issue him or her surviving, then I direct that the issue of the one so dying take the parent's share.

" *Fifth.* Should any of my said six children die before being entitled to take under the terms of this will or with-

out leaving lawful issue him or her surviving, I direct that the share of the one so dying be divided among the survivors of my said six children equally share and share alike, and should any of my said six children die before being entitled to take under the terms of this will, leaving lawful issue him or her surviving, I direct that such issue take the share the parent would otherwise have taken; but it is not intended hereby that the issue of my son, George, shall take the father's share, but it is intended that his share should he die before being entitled to take his share under the terms of this will, be divided equally among the survivors of my children share and share alike."

Under the will the widow has taken the income from her life interest for a period of nearly seventeen years, and it might be a question whether she could maintain this action under such authorities as *Asche* v. *Asche* (113 N. Y. 232, 235); *Matter of Gorden* (172 N. Y. 25). But this point cannot now be raised as judgment, entered in the dower action, has not been appealed from, and is final. For the purposes of this motion, therefore, the action was properly brought and the only question to be determined is whether under the judicial sale the purchaser obtained a good title.

As George Hess has died we can read this will as though the provisions were for the wife and the remaining five children. In effect the testator gave to his wife a life estate with a vested remainder in his five children, liable to be divested by the death of any child during the lifetime of the widow. If any of the children should die before the termination of the life estate, leaving issue him or her surviving, such issue would take the parent's share.

All of the five children are living. There are also grandchildren living who under this construction of the will have contingent remainders, contingent upon the death of the parent during the lifetime of the grandmother, the life tenant.

In bringing this action to obtain her dower, the plaintiff made the five remaindermen, the children of the testator, parties to the action but failed to make the grandchildren, having contingent remainders, parties. It is said that under the authorities the interests of the grandchildren were represented in the action by their living parent, and that they were not necessary parties. Their contingent interest, it is claimed, can be cut off by their parent representation in the action in the same way as would be the contingent interest of unborn grandchildren. This, it is said, has been the rule in foreclosure cases and should apply in this action for dower. The frequently cited case of *Nodine* v. *Greenfield* (7 Paige, 544) is referred to as an authority for this law. As the living persons, having vested remainders, were not made parties in that case, which was brought to foreclose a mortgage, the decision naturally was that their equity of redemption was not extinguished by the sale under the foreclosure decree. The following language, however, was used in the opinion which gives some support to the claims of the appellant here in this case. Chancellor WALWORTH said: " Where there is a contest in chancery in relation to real estate, or where a mortgagee wishes to foreclose a mortgage, in a case where there are several future and contingent interests in the equity of redemption, it is not necessary to make every person having or claiming a future and contingent interest in the premises a party to the bill, in order to bar his right or claim, by the decree in the cause; but is sufficient, if the person who has the first vested estate of inheritance, and all other persons having or claiming prior rights or interests in the premises, are brought before the court. (Story's Eq. Pl. 140, sec. 144; 182, sec. 198. 1 West's Rep. 619. Ambler, 564.) The person having the first estate of inheritance, and who is *in esse*, appears however to be a necessary party to a bill of foreclosure, to make the decree a bar either to his right, or to the right of any contingent

remainder-man who is not made a party to the suit."
(p. 548.)

This language was repeated in *New York Security &
Trust Company* v. *Schoenberg* (87 App. Div. 262; affd.,
177 N. Y. 556), and the conclusion drawn that in ordinary
foreclosure suits it is sufficient as a general rule to have
as parties the first person in being who has a vested estate
of inheritance, together with those claiming prior inter-
ests and that those who may have a claim in remainder
or in reversion after such vested estate of inheritance
may be omitted as parties.

An examination of the cases, however, inclines me to
the belief that this rule has never been applied to living
persons having contingent interests or estates, but only
as a rule of necessity to unborn children who may take
upon the happening of a future event. I can find no
case where the rule, as expressed in *Nodine* v. *Greenfield*
(*supra*) has been applied to living contingent remainder-
men, but do find that it has been repeatedly applied to
unborn children. In such cases, those having the first
remainder represented in the particular action unborn
children having a contingent estate. This rule has been
referred to as a law of necessity. (*Mead* v. *Mitchell*,
17 N. Y. 210; *Brevoort* v. *Grace*, 53 N. Y. 245, 253, 254; *Bre-
voort* v. *Brevoort*, 70 N. Y. 136.) In *Kent* v. *Church of
St. Michael* (136 N. Y. 10, 17) it is said: "Where an
estate is vested in persons living subject only to the con-
tingency that persons may be born who will have an
interest therein, the living owners of the estate, for all
purposes of any litigation in reference thereto and affect-
ing the jurisdiction of the courts to deal with the same,
represent the whole estate, and stand not only for them-
selves, but also for the persons unborn. This is a rule
of convenience, and almost of necessity. The rights of
persons unborn are sufficiently cared for, if, when the
estate shall be sold under a regular and valid judgment,
its proceeds take its place and are secured in some way

for such persons. (Citing among others *Nodine* v. *Greenfield*, 7 Paige, 544.) * * * In such a case it is safe to permit the living to represent the unborn, and the unborn must be bound by the judgment confirming the title. * * * The general rule that no person shall be bound by an adjudication in an action to which he is in no way a party has some exceptions, and does not inexorably apply to a case where, at the time of the adjudication, persons are not *in esse* who may be affected thereby. In *Monarque* v. *Monarque* (80 N. Y. 320) the parties had a vested title to the land sought to be partitioned, subject, however, to open and let in after-born children. But no notice was taken of such after-born children in the judgment, and no provision whatever was made for them, and hence it was decided that a good title could not be given to a purchaser under the sale made in pursuance of the judgment. It was held, in harmony with what I have herein stated, that a judgment and sale in partition only concludes contingent interests of persons not in being when the judgment provides for and protects such interests by substituting the fund derived from the sale of the land in place of it and preserving the fund to the extent necessary to satisfy such interests." (See, also, *Downey* v. *Seib*, 185 N. Y. 427, 432, 433, and *Tonnele* v. *Wetmore*, 195 N. Y. 436, 446.)

This application of the rule stated in the *Nodine* case is in harmony with the provisions of section 67 of the Real Property Law.

We, therefore, conclude that the grandchildren having contingent interests in remainder should have been made parties to this action in order to foreclose their interests. If the defendants to this action had been the five living children with vested remainders and all the grandchildren having contingent remainders, the judgment directing a sale would have foreclosed not only the interests of all these parties but also the rights of any grandchildren who might thereafter be born. Such unborn

children would have been represented in the action by their parents or the persons who had the first vested estate in remainder.

The statement is repeatedly made in text books and treatises that it is sufficient to have as parties the first person in being who has a vested estate of inheritance, and that those who may have a contingent claim in remainder or reversion after such vested estate of inheritance may be omitted as parties. (Freeman on Judgments, sec. 172; Freeman on Cotenancy & Partition [2d ed.], p. 641; 1 Wiltsie on Mortgage Foreclosure [3d ed.], sec. 170; Thomas on Mortgages [3d ed.], sec. 776; Black on Judgments [2d ed.], sec. 554.)

However, I do not find that these authors have cited a case where the contingent interests of living persons were held to be cut off by an action to which they were not parties.

Although this is our conclusion, yet had we any doubt about the necessity of making the living contingent remaindermen parties, the authorities are so unsatis-factory upon the exact point in question that we would hold that the purchaser should not be compelled by specific performance to take a deed. (*Cerf* v. *Diener*, 210 N. Y. 156.)

The Special Term was, therefore, right in relieving the purchaser from his purchase upon the objections stated, and the orders appealed from must be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, Mc-LAUGHLIN and ANDREWS, JJ., concur.

Orders affirmed.