In the Matter of the Estate of GEORGE SCHUSTEK, Deceased.

Surrogate's Court, New York County, September 10, 1948.

*Alexander Pfeiffer* and *Clarence S. Barasch* for Helen M. Slifka and another, as executors of George Schustek, deceased, petitioners.

*Rathbone, Perry, Kelley & Drye* for Central Hanover Bank and Trust Company, as trustee under the will of George Schustek, deceased, respondent.

*Louis W. Dawson* for Mutual Life Insurance Company of New York, respondent.

*Hobart S. Weaver* for Mutual Benefit Life Insurance Company, respondent.

*LeVine & Schechter* for Prudential Insurance Company of America, respondent.

*Leo D. Fitzgerald* for Equitable Life Assurance Society of the United States, respondent.

*Ferdinand H. Pease* for New York Life Insurance Company, respondent.

*Joseph Howard Collins* for Metropolitan Life Insurance Company, respondent.

*Daniel J. Reidy* for Guardian Life Insurance Company of America, respondent.

DELEHANTY, S. The question here presented has to do with the allocation of estate taxes imposed upon the proceeds of life insurance. The executors seek to charge the recipients of outright distributions of insurance proceeds with their respective shares of the tax — expressly waiving any claim of right to collect such share of tax from the insurance companies which paid the sums provided for in the policies directly to the beneficiaries. In the cases of several of the policies the proceeds are held by the insurance companies under various settlement plans. In respect of these it is proposed that the insurance companies be required to pay. The insurance companies in turn have interposed answers in which they ask in substance to be protected against possible claims of possible issue yet to be born to certain beneficiaries under the settlement agreements. They ask, too, that any beneficiary who has received a certificate of interest under any policy be required to return it either for indorsement or for substitution by a new certificate which will show the interest of the holder on a basis recomputed actuarily after taking into account the present disbursement of the principal sum necessary to pay the contribution to the estate tax.

The court holds that all necessary parties are before the court and that there is no need to cite unborns or to have any person named as special guardian for them (*Hess* v. *Hess*, 233 N. Y. 164; *Matter of Balfe*, 49 N. Y. S. 2d 882, affd. 269 App. Div. 904, affd. 295 N. Y. 975). The certificates, if any, outstanding in the hands of beneficiaries must be returned so that they may be rewritten as directed in *Matter of Scott* (158 Misc. 481, affd. 249 App. Div. 542, affd 274 N. Y. 538, certiorari denied *sub nom. Northwestern Mut. Life Ins. Co.* v. *Central Hanover Bank & Trust Co.*, 302 U. S. 721).

The amount sought for attorney's services is reasonable and is allowed. Disbursements are allowed in the sum of $35.25 only. The final item of claimed disbursement is disallowed.

Submit, on notice, decree accordingly.